UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. MURPHY, | CASE NO. CV-F-01-6532 OWW LJO P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| STEVEN CAMBRA, et al., | (Doc. 53) |
| Defendants. | |

I.     Motion to Dismiss

     A.     Procedural History

Plaintiff Kevin L. Murphy ("plaintiff") is a state prisoner proceeding pro in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act). This action is proceeding on plaintiff's second amended complaint against defendant Cambra ("defendant") on plaintiff's equal protection, Rehabilitation Act, and Americans with Disabilities Act claims. On November 19, 2004, pursuant to Federal Rule of Civil Procedure 12(b), defendant filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies prior to filing suit. Plaintiff filed an opposition on February 23, 2005.[1] Defendant did not file a reply.

///

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 14, 2003. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 25.)

1

B.    Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." See Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court

///

concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.     Discussion

Defendant contends that he is entitled to dismissal of this action because plaintiff filed suit on December 10, 2001, and exhaustion did not occur until December 28, 2001, when a Director's Level decision on plaintiff's inmate appeal was issued. (Doc. 53, 4:17-5:1.) Defendant argues that plaintiff was required to exhaust before filing his original complaint and plaintiff cannot correct the deficiency by filing an amended complaint. (Id., 5:2-10.)

Plaintiff contends that his appeal was submitted to the Director's Level of review on March 19, 2001, and resubmitted on April 23, 2001. (Doc. 60, p. 2.) Plaintiff contends that the Director's Level response was due by June 23, 2001. (Id.) Plaintiff argues that he gave officials the opportunity to respond to his appeal but they failed to do so until almost nine months later, after plaintiff filed suit. (Id., p. 3.)

Exhaustion must occur prior to filing suit, McKinney, 311 F.3d at 1199-1201, and a plaintiff may not amend after exhausting with the goal of curing the deficiency of non-exhaustion prior to filing suit. However, prison officials may not ignore their own governing regulations by failing to timely respond to an appeal and then successfully argue that they are entitled to dismissal because suit was filed before their untimely response was issued.

Pursuant to section 3084.6(b)(4) of the California Code of Regulations, "[t]hird level responses shall be completed within 60 working days." Cal. Code Regs. tit 15, § 3084.6(b)(4). Numerous Circuit Courts have addressed the issue of the effect of prison officials' failure to respond to grievances in a timely manner, and held that exhaustion occurs when prison officials fail to respond to a grievance within the policy time limits. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687,

698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit Court stated that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to the grievances.'" Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)).

    In this instance, plaintiff contends - and defendant does not dispute - that plaintiff submitted his appeal to the Director's Level of review in March 2001 and again in April 2001. Plaintiff did not file suit until December 10, 2001, long after the deadline for the completion of the Director's Level response. Neither party presented any evidence that plaintiff had any notice that the response would be late or when to expect the response. In the absence of such notice and given the presence of solid authority supporting the proposition, the court rejects defendant's argument that he is entitled to dismissal because the Director's Level response was issued after plaintiff filed suit, and that court finds that exhaustion occurred when prison officials failed to respond to plaintiff's inmate appeal at the third and final level of review within the sixty-day time frame set forth in the California Code of Regulations. Boyd, 380 F.3d at 996; Jernigan, 304 F.3d at 1032; Lewis, 300 F.3d at 833; Foulk, 262 F.3d at 698; Powe, 177 F.3d at 394; Underwood, 151 F.3d at 295. Accordingly, the court recommends that defendant's motion unenumerated Rule 12(b) motion be denied.

///

D.     Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendant's unenumerated Rule 12(b) motion, filed November 19, 2004, be DENIED on the ground that exhaustion occurred when prison officials failed to timely respond to plaintiff's inmate appeal.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 21, 2005**               /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES MAGISTRATE JUDGE