# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. MURPHY,<br><br>        Plaintiff,<br><br>   v.<br><br>STEVEN CAMBRA,<br><br>        Defendant.<br>_____/ | CASE NO. 1:01-CV-6532-OWW-LJO-P<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 71) |

    Plaintiff Kevin L. Murphy ("plaintiff") is a state prisoner proceeding pro in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act).  On January 11, 2006, plaintiff filed a motion to compel. Defendant Cambra ("defendant") filed an opposition on January 25, 2006, and plaintiff filed a reply on February 24, 2006.

    Plaintiff seeks to compel response to interrogatory number two of set one, "Has the Department of Corrections at any time received any other appeals (602s) from any other inmate[s] about their rights being violated as a result of the implementation of rules under Title 15 §3375.3?," and interrogatory number four of set one, "Does your Litigation Management Section have documentation that identifies categorically the type of actions that have been filed by or on behalf of inmates?"  Defendant objects on the grounds of relevancy and undue burden.

    "Parties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial *if the discovery appears reasonably calculated to lead to the discovery of admissible evidence*."  Fed. R.

1 Civ. P. 26(b)(1) (emphasis added).  The basis of plaintiff's equal protection, ADA, and RA claims
2 against defendant is that an operations procedure and a Title 15 regulation allowed the assessment
3 of classifications points against plaintiff on the basis that he had not been employed for six months
4 prior to incarceration, and he had no military service.  Plaintiff contends that regulations were
5 discriminatory because he was disabled and therefore unable to work, and because the assessment
6 of classification points based on lack of military service does not apply to female inmates.

7 With respect to interrogatory number two of set one, the issue in this action is whether the
8 regulations in force during the relevant time period violated plaintiff's rights under federal law.
9 Whether any other inmates complained about section 3375.3 does not appear to be relevant to
10 plaintiff's claim.  Plaintiff's motion to compel a response to this interrogatory is denied.  However,
11 the denial is without prejudice to renewal should defendant file a dispositive motion and raise a
12 defense which causes plaintiff's request to become relevant.[1]

13 With respect to interrogatory number four of set one, plaintiff has not demonstrated that the
14 information sought is relevant to his claim.  Although plaintiff contends it is relevant because it may
15 lead to further discoverable information, that vague contention does not demonstrate why the
16 information itself is relevant to plaintiff's claim in this action.  Accordingly, plaintiff's motion to
17 compel a response to this interrogatory is denied.

18 Based on the foregoing plaintiff's motion to compel, filed January 11, 2006, is HEREBY
19 DENIED, without prejudice.

21 IT IS SO ORDERED.

22 **Dated:   May 5, 2006**              **/s/ Lawrence J. O'Neill**
b9ed48                           UNITED STATES MAGISTRATE JUDGE

---

[1] The court will entertain a renewal of a motion to compel a response to this interrogatory after the expiration of the discovery deadline, if necessary.