# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. MURPHY, | CASE NO. 1:01-CV-6532-OWW-LJO-P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (Doc. 77) |
| STEVEN CAMBRA, | |
| Defendant. | |

Plaintiff Kevin L. Murphy ("plaintiff") is a state prisoner proceeding pro in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act). On April 26, 2006, plaintiff filed a motion to compel. (Doc. 77.) Defendant Cambra ("defendant") filed an opposition on May 15, 2006. (Docs. 81-83.)

Pursuant to the court's order of September 12, 2005, prior to filing a motion to compel, the moving party must, in good faith, meet and confer, or attempt to meet and confer, to resolve the discovery dispute without court intervention.[1] (Doc. 70, ¶5.) If a motion to compel is filed, the moving party must include a certification that the party in good faith met and conferred, or attempted to meet and confer, to resolve the dispute without court intervention.

Defendant asserts that although plaintiff conferred concerning the request for the production of documents, plaintiff made no attempt to resolve the dispute concerning the interrogatories prior to filing a motion to compel. In his motion, plaintiff neither specifically asserts he attempted to meet

---

[1] In light of plaintiff's incarceration, the exchange of letters satisfies the meet and confer requirement.

1

1  and confer regarding his interrogatories nor submits evidence demonstrating he attempted to meet
2  and confer regarding his interrogatories, and plaintiff did not reply to defendant's opposition raising
3  the issue.  Accordingly, plaintiff is precluded at this time from seeking an order compelling further
4  responses to his interrogatories because he did not comply with the good faith meet and confer
5  requirement.

6       In order for the court to adjudicate a motion to compel, the moving party must provide a copy
7  of the discovery requests at issue and a copy of the response to the requests, if any.  Further, the
8  moving party bears the burden of explaining why the discovery sought is necessary and why the
9  opposing party's objection or response is inadequate and/or incorrect.  In this instance, although
10 plaintiff provided copies of the requests and responses, he did not set forth any argument as to why
11 defendant's responses to his request for the production of documents were improper, other than to
12 assert defendant was "evasive."  (Doc. 77, p. 2.)  Because plaintiff's motion lacks this necessary
13 information, it must be denied.

14      For the foregoing reasons, plaintiff's motion to compel, filed April 26, 2006, is HEREBY
15 DENIED, without prejudice.

17 IT IS SO ORDERED.

18 **Dated:    June 18, 2006**                    **/s/ Lawrence J. O'Neill**
   b9ed48                                         UNITED STATES MAGISTRATE JUDGE

2