# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. MURPHY, | CASE NO. 1:01-CV-06532-OWW-LJO-P |
|         Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND |
|    v. | (Doc. 85) |
| STEVEN CAMBRA, | |
|         Defendant. | |

Plaintiff Kevin L. Murphy ("plaintiff") is a state prisoner proceeding pro in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act). On June 2, 2006, plaintiff filed a motion seeking leave to file a third amended complaint, a supporting declaration, and a proposed third amended complaint. (Docs. 85-87.) Defendant Cambra ("defendant") filed an opposition on June 20, 2006, and plaintiff filed a reply on July 7, 2006. (Docs. 91, 94, 95.) Because plaintiff's motion was timely under the court's scheduling order, Federal Rule of Civil Procedure 15(a) rather than Rule 16(b) governs the disposition of plaintiff's motion. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (good cause under Rule 16(b) must be shown where deadline set in scheduling order expired prior to filing of motion to amend).

In his motion, plaintiff seeks leave to amend to add former Governor Gray Davis and former California Department of Corrections and Rehabilitation Directors James H. Gomez and Edward S. Alameida as defendants. (Doc. 85.) In addition, plaintiff seeks to add a "cause of deliberate indifference." (Id., pg. 2.) Plaintiff contends that he seeks to add the two former directors in order

1

to name as defendants all three directors who held the office during the time period his inmate appeal grieving the claims in this action was being processed. (Doc. 86, Murphy Dec., ¶3.) Plaintiff asserts that he has come to believe this is necessary to avoid dismissal on the ground that he named the wrong director, and contends that he learned from defendant Cambra's answer that defendant Cambra was not the director at the time his inmate appeal was filed or at the time the second amended complaint was filed. (Id., ¶2; Doc. 85, pg. 2.) Plaintiff contends that he seeks to add the former governor because he oversees the Department of Corrections and was in office when plaintiff's inmate appeal was filed and/or considered. (Doc. 85, pg. 2.)

Defendant opposes the motion on the grounds of undue delay, prejudice, and futility. (Doc. 91.) Defendant argues that new claims and defendants should not be added at this late date. (Id., 2:24-25.) Defendant contends that plaintiff proffers no explanation for the delay between the filing of defendant's answer and the filing of plaintiff's motion to amend, and that the names and terms of Davis, Gomez, and Alameida are public knowledge and readily available upon inquiry. (Id., 2:28-3:10.) Defendant contends that plaintiff sets forth no explanation for the delay in alleging a deliberate indifference claim and that plaintiff has had several opportunities to amend. (Id., 3:11-20.)

Defendant argues that the addition of new parties and a new claim would cause prejudice, and contends that the court can presume prejudice because this action was filed in 2001 and plaintiff has not set forth the reasons why he was unable to amend earlier. (Id., 3:25-4:1.) Defendant contends that he has defended the suit and taken plaintiff's deposition, and that adding new parties will require the incurment of additional substantial expenses, including another deposition of plaintiff. (Id., 4:6-12.) Defendant also contends that the proposed defendants may have difficulty with recollection due to the length of time that has passed. (Id., 4:19-22.)

Finally, defendant argues that amendment is futile because the new deliberate indifference claim lacks merit in that the proposed third amended complaint contains no facts which would give rise to a cognizable Eighth Amendment deliberate indifference claim, and plaintiff's claims against newly added parties would be barred by the statute of limitations. (Id., 4:26-5:14.)

Under Rule 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the

1  court or by written consent of the adverse party, and leave shall be freely given when justice so
2  requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has been served. Therefore,
3  plaintiff may not file a third amended complaint without leave of court.

4  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
5  requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006)
6  (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the
7  amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
8  delay in the litigation; or (4) is futile." Id. Prejudice to the opposing party is accorded the most
9  weight, and absent prejudice, "there exists a *presumption* under Rule 15(a) in favor of granting leave
10 to amend" unless a strong showing is made on one of the other factors. Eminence Capital, LLC v.
11 Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). The factor of "'[u]ndue
12 delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser
13 Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198
14 F.3d 752, 757-58 (9th Cir. 1999)).

15  This action was filed December 10, 2001. (Doc. 1.) On August 26, 2002, plaintiff's
16 complaint was dismissed, with leave to amend, for failure to state a claim upon which relief was
17 granted. (Doc. 17.) Plaintiff filed an amended complaint on September 5, 2002, and sought leave
18 to supplement his amended complaint on November 18, 2002. (Docs. 18, 19.) On January 22, 2003,
19 plaintiff's motion to supplement was granted and plaintiff's amended complaint was dismissed with
20 leave to amend his ADA claim. (Doc. 20.) On February 12, 2003, plaintiff filed a second amended
21 complaint, which was found to be appropriate for service on April 16, 2003, and upon which this
22 action currently proceeds. (Docs. 21, 22.) After waiving service, defendant made an appearance in
23 this action on June 27, 2003, by way of motion to dismiss. (Docs. 27, 29.) Defendant filed an
24 answer to the second amended complaint on August 8, 2005, following resolution of two motions
25 to dismiss. (Docs. 39, 40, 45, 68, 69.) On September 12, 2005, the court issued an order opening
26 discovery and setting the discovery deadline for May 19, 2006, the deadline to amend pleadings for
27 June 19, 2006, and the deadline to file pre-trial dispositive motions for July 19, 2006. (Doc. 70.)
28 ///

1  On June 19, 2006, pursuant to a motion filed by plaintiff, the court extended the discovery deadline
2  to September 20, 2006, and the dispositive motion deadline to November 20, 2006.  (Docs. 79, 90.)
3        While it is true, as argued by defendant, that the "court's discretion to deny leave to amend
4  is particularly broad where the court has already given the plaintiff an opportunity to amend his
5  complaint," Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.3d 1432,
6  1438 (9th Cir. 1986), in this instance, plaintiff previously amended at the direction of the court at
7  the screening stage in this litigation, the bases for the court's earlier dismissals with leave to amend
8  differ from those at issue in the instant motion, and plaintiff is not seeking to recycle old claims
9  under new theories.  Plaintiff clarified in his reply that he does not seek to add an Eighth Amendment
10 claim arising from deliberate indifference but rather seeks to allege deliberate indifference because
11 he is seeking money damages under the ADA.   Duvall v. County of Kitsap, 260 F.3d 1124, 1138
12 (9th Cir. 2001) ("To recover monetary damages under Title II of the ADA or the Rehabilitation Act,
13 a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for
14 intentional discrimination is deliberate indifference.).  (Doc. 94, Murphy Dec., ¶8.)
15       Although this action has been pending for almost five years and is reaching the final stages
16 with the pre-trial dispositive motion deadline approximately three months away, the record does not
17 support a finding that plaintiff caused the proceedings to be delayed.  Further, there is no evidence
18 that plaintiff's current request to amend is made in bad faith or motivated by dilatoriness.  One of
19 the reasons asserted by plaintiff for the need to amend is his concern that he may not have named all
20 the necessary parties, a concern raised by defendant's answer and, apparently, discovered by plaintiff
21 as he sought to prepare his own motion for summary judgment.  The almost ten month delay between
22 being served with the answer and filing the instant motion does constitute a delay which is not
23 adequately explained by plaintiff.  It appears plaintiff's realization that he may not have named the
24 proper party occurred not from the receipt of recently received discovery but from his review of his
25 legal material for his motion for summary judgment.  Even taking into consideration that plaintiff
26 is proceeding pro se and is incarcerated, under these circumstances, there has been undue delay.
27 However, undue delay is not dispositive of the matter.
28 ///

With respect to prejudice, the claims in this action are based upon classification regulations in place at the time plaintiff was classified, and plaintiff seeks to impose liability on defendants on the theory that, as Governor and Directors, they were responsible for the regulations that violated his rights. With this type of case, the concerns are not identical to those in cases involving direct personal involvement, such as excessive force or failure to provide medical care, for example. It is not obvious to the court that faded memories will be particularly troublesome. Further, although defendant contends newly served defendants will have to depose plaintiff, plaintiff attests that he was questioned during his deposition about topics relating to his disability, family, ability to work, and restrictions on major life activities, and on what he seeks from this suit. (Murphy Dec., ¶4.) Plaintiff contends that he was not asked questions specific to defendant Cambra and that his deposition testimony would be useable by the defendants he seeks to add. Given the nature of the claims and the nature of plaintiff's previously conducted deposition, it is not obvious to the court that adding the proposed parties to this suit will require any further discovery of significance or that defendants will need to depose plaintiff, and plaintiff has asserted that no further discovery will be needed by him beyond that which he is seeking under the current scheduling order. Finally, given that plaintiff clarified in his reply he does not seek to add an Eighth Amendment claim based on deliberate indifference and a review of his proposed third amended complaint supports this, no new claims will be added and the nature of the case will remain unchanged. As such, defendant has not adequately demonstrated that substantial prejudice will result from the amendment.

With respect to futility, defendant first argument relates to the addition of an Eighth Amendment claim of deliberate indifference, which plaintiff has clarified he is not seeking to do. Regarding plaintiff's desire to add an allegation of deliberate indifference to his ADA claim, the federal system is one of notice pleading and plaintiff is required only to set forth "a short and plain statement" of his claims. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Hydrick v. Hunter, 449 F.3d 978, 988 (9th Cir. 2006); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). It is unnecessary for plaintiff to allege all the elements of his ADA claim.

Defendant's second argument concerns the effect of the statute of limitations on the claims against the defendants plaintiff proposes to add. Federal law determines when a civil rights claim

accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996). Because section 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in section 1983 suits. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). In 2001, when plaintiff filed suit, the applicable statute of limitations in California for section 1983 claims was one year.[1] Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1, which applies to actions for damages, provides in pertinent part:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, plaintiff had one year within which to file suit on any claims for equitable relief, and three years within which to file suit on any claims for damages.

Plaintiff does not address defendant's argument that the claims against the defendants plaintiff proposes to add are barred by the statute of limitations. Using the date plaintiff filed suit, the statute of limitations ran on plaintiff's equitable relief claims on December 10, 2002, and on plaintiff's damages claims on December 10, 2004. Thus, it would be futile to allow plaintiff leave

///

---

[1] It is unclear when plaintiff's claims accrued, although evidence in the record indicates they may have accrued as early as 1996. (Doc. 54, Wolff Dec., Exhibit B.) Nevertheless, the court shall use the date suit was filed since the claim had clearly accrued by then and the result is the same regardless of when prior to 2001 the claim accrued.

6

to amend to add Davis, Gomez, and Alameida as defendants because any claims against them would be barred by the statute of limitations.[2]

In conclusion, although undue delay is a factor here, defendant has not made a showing that any significant prejudice will result from the addition of the three new parties. The amendment does not change the nature of this action, plaintiff has stated that he will need no further discovery beyond that sought under the current scheduling order, and it does not appear to the court that adding the new parties will require defendants to conduct any additional discovery of significance or require a second deposition of plaintiff. However, it would be futile to allow plaintiff leave to amend to add Davis, Gomez, and Alameida as parties because the claims against them are barred by the statute of limitations, and under notice pleading standards, it is unnecessary for plaintiff to amend to allege deliberate indifference as an element of his ADA claim.

Therefore, based on the foregoing, plaintiff's motion seeking leave to file a third amended complaint, filed June 2, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   August 31, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Regarding the doctrine of equitable tolling, "[u]nder California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith,'" Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (quoting Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988)), and the statute of limitations is tolled while exhaustion occurs, Donoghue v. County of Orange, 84 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318 (1978). To the extent that the statute of limitations was equitably tolled while plaintiff exhausted the inmate appeals process, the statute of limitations was equitably tolled - at the latest - only until December 28, 2001, thereby extending the statute of limitations by only a few weeks. (Doc. 55, Grannis Dec., Exhibit B; Doc. 61, F&R, 4:16-27, Doc. 68, Order Adopting F&R.)